## Koons *against* Seward.

A constable having a *capias ad respondendum* in his hands, took an agreement from a third person for the appearance of the defendant on a day certain to answer the plaintiff's claim; and in default of appearance, that he would pay the debt and costs: *Held*, that such agreement, though void as a statutory obligation, yet if given to the plaintiff himself, and not to the constable, may be enforced by action.

ERROR to the common pleas of *Luzerne* county.

John Koons against Titus Seward. This action was founded upon the following facts: John Koons, the plaintiff, had sued Joseph Watson by *capias*, before a justice; while the *capias* was in the hands of the constable, the present defendant, Titus Seward, executed the following paper:

" I agree that Joseph Watson shall answer the within *capias* on Saturday, the 25th, at one o'clock, P. M.; if not, I will pay debt and cost of the within. As witness my hand this 18th day of September 1830.                      '                      Titus Seward.

" I assign the above bond to John Koons, the plaintiff in the within *capias*. M. Williams, constable. Oct. 2, 1830."

The defendant did not appear at the time fixed, and the justice rendered a judgment against him for 98 dollars 29 cents.

This suit was then brought upon the above agreement. The plaintiff having given the proceedings of the justice and his judgment in evidence, offered the agreement. It was objected to by the defendant, on the ground that it was illegal; and the court rejected it and sealed a bill of exceptions.

*Kidder*, for plaintiff in error, cited 6 *Bac. Ab.* 183; 5 *Watts* 472.

*Woodward*, contra, cited the act of assembly, *Stroud's Purd. Dig.* 579, sect. 2.

The opinion of the Court was delivered by

Sergeant, J.—The rejection of this evidence by the court below was erroneous. It is true, the defendant's undertaking was not bail for the defendant's appearance, agreeably to the provisions of

[Koons v. Seward].

the second section of the act of the 20th of March 1810, but an undertaking for the payment of the debt and costs, and therefore being substantially variant from the security prescribed by that act, would be void as a statutory obligation. Claasen *v.* Shaw, 5 *Watts* 46S. Nor could it be good at common law, for if given for ease and favour on a *capias ad respondendum*, it falls within the prohibition of the statute 23 Henry 6, c. 9; which, though not reported by the judges, has been considered in force in Pennsylvania, and extends to all sheriffs, officers, and ministers. But these principles apply only if the obligation were given to the constable; it being the policy of the law to prohibit him from taking such securities, in order to prevent his partiality or oppression. It has never been held that such a security may not be given to the plaintiff himself. On the contrary, in 2 *Jones* 95, 2 *Mod.* 305, it was held that, a third person may give the plaintiff a bond, that the party against whom a *capias* had issued, shall pay the money, or render himself at the return of the writ; because this was not by direction of the officer, but by the agreement of the plaintiff. So in *Alleyn* 5S, it is held that, the statute does not extend to a bond given to the plaintiff himself. It results, then, that the undertaking in the present case, if given to the plaintiff, was good: if to the officer, it was invalid. It does not appear on the face of the agreement, in whose favour it was taken, or for whose use. The defendant insists it was to the constable, because he undertook afterwards to assign it to the plaintiff. On the other hand, the plaintiff insists that he did not sue under this assignment, but in his own name, and that it was taken for his use, and adopted by him. These are questions of fact for the jury on the whole evidence in the cause, and the agreement ought to have been received in evidence, that the fact to whom the agreement was given might be inquired into by other testimony and decided.

Judgment reversed, and a *venire de novo* awarded.