## Rhoads *against* Frederick.

The accidental erasure of the signature or seals of two sureties to an obligation for the payment of money, does not render void the instrument as to a third surety, nor would that effect be produced by the restoration of the signature without the seals, and without the consent of the other obligor.

Taking a judgment from one of four joint and several obligors, does not affect the responsibility of the others.

A mere gratuitous indulgence of the principal, does not release the surety.

ERROR to the common pleas of *Union* county.

Phillip Frederick against Jacob Rhoads. Action of debt upon a sealed note. The whole case is fully stated in the opinion of the court.

*Miller*, for plaintiff in error.
*Linn*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—The single bill, or specialty, upon which this action was brought in the court below, by the defendant in error, against the plaintiff in error, was executed originally by the latter and three other persons, on the 28th of September, A. D. 1835, promising thereby jointly and severally, to pay the sum of one hundred dollars to the defendant in error, with interest thereon from that day, on or before the first day of May, then next following. It was given

for the payment of the debt of John Campbell, whose name and seal were first set to it. Then followed the names and seals consecutively, of Jacob Rhoads, the plaintiff in error, Isaac Ely, and John Machemer, who executed it as the sureties of Campbell. Frederick, the obligee, gave the bill, some time after it had become payable, to Machemer, one of the sureties, to be delivered to a gentleman of the bar, for the purpose of obtaining a judgment upon it, against Campbell, the principal in it; while thus in the charge of Machemer, one of his children accidentally cut or tore off his name and seal, and the seal of Ely. In this state the bill was put, by Machemer, into the hands of the gentleman of the bar, as directed by the obligee, and a judgment against Campbell was confessed upon it for the amount due, under a warrant of attorney obtained of him for that purpose. After this, Frederick, the obligee, upon discovering the mutilation which had happened to the bill, called upon Machemer to know how it occurred; and upon being informed, asked Machemer if he was not willing to go with him and place his name again to the bill. Machemer replied in the affirmative, and accordingly went and wrote his name to it without affixing his seal, so that Ely and Machemer's names stood then to the bill without their seals. It also appeared from the evidence, that after the bill became payable, the obligee called upon Campbell for payment, when the latter said he could not pay the money then, but he was about going immediately to Pottsville to work, for which he would obtain the money, and remit it to Machemer, who would pay it over to him. To this the obligee assented, but no money was ever remitted or paid by Campbell. The defendant below, pleaded *non est factum* and payment, under which, after giving evidence of the execution of the bill by the obligors, evidence was also given of the facts stated above; upon which the counsel for the defendant below requested the court to instruct the jury, that the cutting or tearing off the two seals with the name of Machemer from the bill, avoided it, or if it did not, that Machemer's adding his name again to the bill, without affixing his seal, and also without the consent of the other obligors, was such an alteration of the bill, as avoided it in law. Secondly, that the taking of a judgment from Campbell alone, by confession in an amicable action, discharged the other obligors. And thirdly, that the plaintiff below, in permitting or agreeing that Campbell should go to Pottsville and earn the money by his labour, if he could, so that he might pay the bill with it, released the defendant below, as he was only a surety. It would certainly have been error in the court below, had they instructed the jury as requested on either of the points mentioned. The first point was decided in Barrington and Others *v.* The Bank of Washington, 14 *Serg. & Rawle* 313; there this court ruled that an erasure committed by John Barrington, the principal in the bond, by striking out the name of one of four sureties who had joined in executing it with him, as a joint bond only, did not avoid or affect

the bond as to the sureties, so that if Machemer had, himself, here wilfully cut off his own name and seal, or that of any of the other obligors, without the consent of the plaintiff below, it would not have avoided the bill. And to hold that his attempt afterwards, to restore his name to the bill, was such an alteration of it as to annul it, would be still worse and more unreasonable, if possible, than to determine that his cutting off his seal destroyed it.

As to the second point, there is not even the least imaginable colour of ground for saying that the taking of a judgment by confession, in an amicable action upon a joint and several bond against one of the obligors only, will discharge or release the others. The obligee has a right to treat it either as the joint or single bond of each, at his pleasure.

And in the third point there is quite as little foundation for holding that the surety is released by a mere gratuitous indulgence of the principal by the creditor, which was all that was given in this case. There must be such consideration for the promise of indulgence, as will make it binding upon the obligee, or it cannot have any such effect.

Judgment affirmed.