## Zane *versus* Kennedy *et al.*

1. Husband and wife conveyed land in trust, amongst other things empowering the trustee to sell such parts as the wife by writing might request, and pay the purchase-money to the wife. *Held*, that the trustee had power on request in writing of the wife to mortgage the land.

2. At the request of the wife, the trustee sold the property to A., in order that he might mortgage it as collateral security for money to set up her son in business. *Held* to be a valid execution of the power in the trust-deed.

3. The wife having the entire control of the money raised by the mortgage, might give it to her son.

4. An absolute and unrestricted power to sell included a power to mortgage.

5. The mortgage was given to secure the payment of notes of the son; their times of payment were extended by the holders. There being no evidence of a consideration for such extension, *Held*, that this did not discharge the wife if she were surety.

6. An agreement without consideration to give time to a debtor is not binding on the creditor and would not prevent the surety from paying the debt and seeking reimbursement from the principal.

7. The trust provided first for the payment of debts of the husband; the land having been sold under the mortgage; in ejectment against the purchaser by the wife as cestui que trust to recover her equitable estate, she could not set up these debts; that could be done only by the husband's creditors or the trustee for their use.

8. Lancaster *v.* Dolan, 1 Rawle 231, affirmed.

February 20th 1873. Before READ, C. J., SHARSWOOD, WILLIAMS and MERCUR, JJ. AGNEW, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. —, to January Term 1873.

This was an action of ejectment, brought April 26th 1856, by John Zane and Maria Antoinette Zane against Sybella S. Kennedy, Herbert M. Kennedy and Amelia T. Kennedy, for a lot of land in Moyamensing township, Philadelphia, marked in the plan as "Garlick Hall," containing 3 acres 136 perches.

[Zane v. Kennedy.]

The land, with other tracts, having been the property of Mrs. Zane, had been conveyed by herself and husband, the other plaintiff, to William L. Hirst, Esq., in trust; it had been subsequently mortgaged, and sold by the sheriff under the mortgage to James M. Kennedy; he devised to the defendants, who were his widow and children.

The question was—whether the mortgage was a valid exercise of the powers of the trustee under the deed of trust.

John Zane having died, his death was suggested on the record.

The case was tried February 1st 1867, before Sharswood, P. J.

The plaintiff gave in evidence deed dated February 28th 1832, between John Zane and Maria Antoinette (late Morris) his wife of the one part, and William L. Hirst of the other part, as follows:—

" Whereas, by the recent death of Mary Pancoast (late Morris), mother of the said Maria Antoinette Zane, they, the said John Zane and Maria Antoinette Zane, his wife, in her right, have inherited and become entitled to * * * certain real and personal estate situate in the city and county of Philadelphia which they desire and design to convey in manner following: Now this indenture witnesseth that they, the said John Zane and Maria Antoinette his wife, as well for and in consideration of the premises as of the sum of five dollars to them in hand well and truly paid by the said William L. Hirst, * * * have granted * * * unto the said William L. Hirst, * * * all and every the right * * * of them the said John Zane and Maria Antoinette, his wife, or either and both of them, of, in and to all and singular the estate real and personal * * * of the said Mary Pancoast, and which descended to and became vested in the said John Zane and Maria Antoinette, his wife, or either or both of them, upon the death of her the said Mary Pancoast, * * * to have and to hold the premises * * * unto the said William L. Hirst, his heirs and assigns, to and for his and their only proper use, benefit and behoof for ever. Upon this special trust and confidence, nevertheless, that he, the said William L. Hirst, * * * will, with due diligence and prudence, sell either at public or private sale, or retain and receive the rents, issues, profits, dividends and interest arising out of so much of the estate hereby granted as hath by the laws of this Commonwealth passed to, or vested in the said John Zane upon the death of the said Mary Pancoast, in his own right and not in right of said Maria Antoinette, his wife, and out of the fund created by the sale of the said interest of John Zane in the premises aforesaid, or by receiving the rents, * * * either of which modes the said trustee may choose or elect according to his best discretion, then upon the further special trust and confidence that he the said William L. Hirst * * * will pay to (several persons named, creditors of John Zane, sums specified); and after they shall all and each be paid, * * * then the surplus, if

any, is to be paid to the said John Zane; * * * and upon this further special trust and confidence that the said William L. Hirst * * * will faithfully apply the entire balance, remainder and residue of the said estate * * * and the full, entire and complete right, title and interest, property, claim and demand whatsoever of her the said Maria Antoinette, of, in and to the said estate * * * to and for the following uses, trusts, intents and purposes, and none other, that is to say :—that the said William L. Hirst * * * will collect all the rents, * * * then in case the said Maria Antoinette should survive the said John Zane, to pay over the same faithfully to her the said Maria Antoinette, regularly and as the same shall be received.  And from and after the death of them the said John Zane and Maria Antoinette Zane, * * * that he the said William L. Hirst * * * shall hold all the said estate which shall then be unsold, by the said trustee according to the hereinafter recited authority to sell, to and for such uses, trusts, intents and purposes as she the said Maria Antoinette shall by writing, or last will, * * * appoint, * * * and on default of such appointment, * * * that he the said William L. Hirst * * * will hold the said estate · * * * to and for the use of all the children of them the said John Zane and Maria Antoinette Zane. * * * And upon the further special trust and confidence, that the said William L. Hirst * * * shall be and he and they are hereby and by force and virtue of these presents authorized and fully empowered to sell and convey * * * all or such parts of the said hereby granted estate as the said Maria Antoinette shall by writing, under her hand, from time to time request and require, and for and as respects the purchase-money thereof, upon the special trust and confidence that he, the said William L. Hirst * * * will pay the same to the said Maria Antoinette, and her receipt for the same shall be his full voucher and protection for so doing, * * * but if she, the said Maria Antoinette, should not request or require the moneys aforesaid, then * * * to invest the same in productive stocks or safe mortgages or real estate, at the discretion of the said trustee, and all such stocks * * * shall become part of the estate which shall pass according to the hereinbefore recited trusts and provisions, * * * and upon the special trust that he, the said William L. Hirst * * * will when expedient make partition or compel to make partition at law among the several heirs of the said Mary Pancoast, * * * and shall have full power to collect and take any part of the said estate when thereto requested in writing by the said Maria Antoinette during her life, or after her death at his own discretion, in any proceeding in partition * * * and hold and consider the same as part of the estate hereby granted, and subject to all the rules, trusts, * * * hereinbefore set forth with reference thereto, and to the descending of the same, and if in any such proceeding the said

[Zane *v.* Kennedy.]

estate should be sold, then * * * the said William L. Hirst * * * will pay over the proceeds of such sale or any part thereof to the said Maria Antoinette." * * *

The plaintiff gave evidence also, that by virtue of proceedings in partition the premises were vested in Mr. Hirst under the trusts of the above-mentioned deed; and that on his own application Mr. Hirst was discharged from his trust in November 1842.

The plaintiff having rested, the defendants offered in evidence deed dated January 30th 1841; Maria A. Zane, wife of John Zane, of the first part; William L. Hirst, trustee, of the second part, and Anthony M. Zane of the third part. This deed recited the deed of February 28th, 1832 and the proceedings in partition, &c., and proceeded:—

"Now, this indenture witnesseth that the said Maria A. Zane, in consideration of the sum of $1, lawful money to her paid by the said Anthony M. Zane, at * * * and the said William L. Hirst, as aforesaid in consideration of $12,000, to her paid by the said Anthony M. Zane, at * * * they the said Maria A. Zane and William L. Hirst, trustee, have granted * * * (he, the said trustee, acting by the request of the said Maria A. Zane, testified by her becoming a party hereto,) * * * unto the said Anthony M. Zane, his heirs and assigns, all the estate, * * * which was of her the said Maria A. Zane, at the time of the execution of the above recited indenture, of, in and to all that lot or piece of land in Moyamensing township, in the county of Philadelphia, marked in the plan of 'Garlick Hall,' annexed to the aforesaid partition, * * * and all the estate of the said Maria A. Zane either at law or in equity, in and of the same, to have and to hold the said lot, &c., unto the said Anthony M. Zane, his heirs and assigns." * *

This deed is signed:

"MARIA A. ZANE,     [SEAL.]
W. L. HIRST.        [SEAL.]"

Appended to it are the following receipt and acknowledgment:—

"Received the day of the date of the above-written indenture of the above-named Anthony M. Zane, the sum of $12,000, being the full consideration-money above mentioned.

MARIA A. ZANE."

And the following acknowledgment:—

"Before me, the subscriber, an alderman, &c., personally appeared the above-named Maria A. Zane and William L. Hirst, and acknowledged the above-written indenture to be their and each of their act and deed," &c.

The defendants objected to the admission of the deed:—

1. That it was not a valid execution of the power in the deed of February 28th 1832.

2. That it was without consideration and void, no purchase-

money being shown to have been paid to the trustee or Mrs. Zane.

The court admitted the deed and sealed a bill of exceptions.

The defendants then, under similar objection and exception, gave the following evidence :—

Bond, Anthony M. Zane to Isaac M. Zane, dated February 1st 1841, conditioned for the payment of $4000 in one year with interest; mortgage, same to same (in the ordinary form), of the land conveyed by deed of January 30th 1841, to secure the payment of the above-mentioned bond. Deed, dated February 3d 1841, between "Isaac M. Zane, of the firm of Zane, Taylor & Co., of the one part, and James M. Kennedy, Alexander H. Julian, John S. Boyd and Elias W. Davidson, merchants, trading under the firm of Kennedy, Julian & Co., and James R. Dickson, merchant, of the other part;" reciting that Zane, Taylor & Co. had given their note dated February 1st 1841, to Kennedy, Julian & Co. for $2766.23, and to James R. Dickson their note of same date for $1233.77; and assigning the bond and mortgage to Kennedy, Julian & Co. and James R. Dickson, as and for a collateral security for the payment of the aforesaid two several debts or sums of money amounting together to the sum of $4000, in discharge of the said two several promissory notes, * * * provided always nevertheless, and it is hereby mutually covenanted and agreed by and between the said parties hereto that, if the said Isaac M. Zane * * * shall well and truly pay unto the said James M. Kennedy, Alexander H. Julian, John S. Boyd, Elias W. Davidson and James R. Dickson, * * * the aforesaid two several debts or sums of money amounting together to the sum of $4000 such as abovesaid (according to their respective interest therein) that, then and immediately thereupon the said James M. Kennedy, Alexander H. Julian, John S. Boyd, Elias W. Davidson and James R. Dickson * * * will reconvey and reassign the whole of the hereby granted and assigned premises * * * unto him the said Isaac M. Zane, his heirs, executors, administrators and assigns, as of his estate, title and interest in the same immediately prior the execution hereof."

Deed, dated March 30th 1841, between Anthony M. Zane of the one part, and William L. Hirst, "trustee of Maria Antoinette Zane, wife of John Zane, of the other part," by which Anthony Zane "in consideration of the sum of $12,000 unto him paid by the said William L. Hirst trustee as aforesaid, out of the proper moneys of the said Maria Antoinette * * * the receipt whereof is hereby acknowledged, hath granted * * * unto the said William L. Hirst, trustee as aforesaid, his heirs and assigns, all that lot or piece of land in Moyamensing township, in the county of Philadelphia, marked in a certain plan of 'Garlick Hall.' * * * To have and to hold the said lot * * * unto the said William L. Hirst, his heirs and assigns, * * * in trust, never-

theless, to be held by the said William L. Hirst, his heirs and assigns, under and subject (and in trust for the said Maria Antoinette Zane) to all the uses and privileges and all the restrictions, reservations, trusts, limitations, conditions and appointments which are contained in and by a certain deed of trust from John Zane and the said Maria Antoinette Zane to the said William L. Hirst, dated the twenty-eighth day of February, Anno Domini one thousand eight hundred and thirty-two." * * *

Record of scire facias on the above-mentioned mortgage :—Isaac M. Zane to the use of James M. Kennedy *et al.* against Anthony M. Zane, judgment September 12th 1843; levari facias February 28th 1844; sale March 18th 1844, by sheriff to James M. Kennedy for $5. March 23d 1844, "rule on defendant to pay amount of interest due on mortgage or to show cause why the sheriff should not execute a deed for the property described in the levari facias to James M. Kennedy;" rule made absolute, April 6th 1844; deed, Morton McMichael, sheriff, to James M. Kennedy for the premises, acknowledged April 27th 1844.

Defendants gave evidence that on the 19th of November 1842, Thomas D. Smith was appointed trustee under the deed of February 28th 1832, in place of Mr. Hirst. They then offered in evidence deed dated May 7th, 1844, between Maria A. Zane, wife of John Zane, of the first part, Thomas D. Smith, trustee, of the second part, and James A. Kennedy of the third part. This deed recited the deed of trust to William L. Hirst; the proceedings in partition allotting the premises in dispute to William L. Hirst under the trusts in that deed; the conveyance of the same premises to Anthony M. Zane; and his reconveyance to Mr. Hirst of the same premises, and under the trusts, &c., of the original deed of trust to him; the appointment of Mr. Smith on the 19th of November 1842, as trustee in the place of Mr. Hirst. The deed offered in evidence is then as follows: "Now this indenture witnesseth that the said Maria A. Zane, in consideration of the sum of one dollar, lawful money, to her paid by the said James M. Kennedy, the receipt whereof is hereby acknowledged, and the said Thomas D. Smith, trustee of Maria A. Zane, aforesaid, in consideration of the sum of one dollar paid him by the said James M. Kennedy, the receipt whereof is hereby acknowledged, have granted, bargained, sold, aliened, released and confirmed, and by these presents the said trustee, acting by the request of the said Maria A. Zane, testified by her becoming a party hereto, do grant * * * and confirm unto the said James M. Kennedy, his heirs and assigns, all that lot or piece of land in Moyamensing township, in the county of Philadelphia, marked in the plan of 'Garlick Hall,' * * * and all the estate, right, title, property, claim and demand whatsoever, of her the said Maria A. Zane, and of him the said Thomas D. Smith, trustee as aforesaid, * * * to have and to hold

[Zane *v.* Kennedy.]

the said lot  *  *  *  unto the said James M. Kennedy, his heirs and assigns for ever.  *  *  *

This deed was executed:

> "THOMAS D. SMITH,  . [SEAL.]
> "Trustee for Maria A. Zane.
> "MARIA A. ZANE."

After which were the following receipt and acknowledgment :—

"Received the day of the date of the written indenture, of the above-named James M. Kennedy, the sum of two dollars, being the full consideration-money above mentioned.

> "THOMAS D. SMITH,
> "Trustee for Maria A. Zane.
> "MARIA A. ZANE."

"Before me, the subscriber, an alderman, &c., personally appeared the above-named Maria A. Zane and Thomas D. Smith, trustee, and severally acknowledged the above-written indenture to be their and each of their act and deed," &c.

The admission of this deed was objected to for the reasons given on the former objections.

The deed was admitted and a bill of exceptions sealed.

The plaintiffs called Anthony M. Zane, who testified: That Julian, one of the firm of Kennedy, Julian & Co., told witness that they had done all they could for Isaac, that they had extended the notes for which the assignment of the mortgage was made as collateral, several times. On cross-examination, witness said nothing was said about any consideration having been given by Isaac, for the extension of the notes; witness did not know that there was any consideration, or that the old notes were given up.

The plaintiffs then offered to prove by John Zane and other witnesses, that the witness, John Zane, was present at Congress Hall, early in 1841, when Isaac Zane was negotiating with James M. Kennedy, one of the firm of Kennedy, Julian & Co., for the purchase of goods for Zane, Taylor & Co.; that Isaac Zane proposed to Kennedy to give, through Maria Antoinette Zane, a mortgage on Garlick Hall (the premises in dispute), as security for the goods; that James M. Kennedy said that he would submit the matter to his conveyancer, and if the mortgage was good, would make the arrangement; that subsequently he (the witness) accompanied James M. Kennedy and Isaac Zane to the office of Samuel L. Clement, a conveyancer, who informed them that Mrs. Zane could not create a mortgage, and suggested that the premises should be conveyed to a third person, who should mortgage them, and that the mortgage should be assigned to Kennedy and others; that Sarah Zane was named as the third person, but on suggestion of Clement that it should be a male Anthony M. Zane, another

[Zane v. Kennedy.]

child of Mrs. Zane, was selected; that it was then arranged that papers should be prepared and executed at different times conveying the premises to Anthony M. Zane; that Anthony M. Zane was to execute a mortgage to Isaac Zane, and to reconvey the premises encumbered, to the trustee; and that Isaac Zane was to assign said mortgage as collateral security to Kennedy and others for the goods; that no money was to be, or was in fact paid to Mrs. Zane or to her trustee, or to any other person; that Anthony M. Zane was not indebted to Isaac Zane to the amount of the mortgage or in any other amount; that Isaac Zane obtained a mortgage for $4000, whilst Maria Antoinette Zane was willing to be security for $2000 only; that the deeds and papers given in evidence by the defendants are the papers which were referred to by Mr. Clement, Mr. Kennedy and Isaac Zane; and further, that the consideration mentioned in the deed from Hirst, trustee, and Mrs. Zane, to Anthony M. Zane, and also the consideration in deed from Smith, trustee, and Mrs. Zane to James M. Kennedy are grossly inadequate; and further, that at the time of the execution of the deed—Hirst, trustee, and Mrs. Zane to Anthony M. Zane—the said trustee declined to sign the receipt for the alleged purchase-money, and caused the body of the deed to be altered, so as to make it appear that the alleged purchase-money had been paid to Mrs. Zane, and not to him as trustee.

The offer was objected to and rejected, and a bill of exceptions sealed.

The plaintiff requested the court to charge the jury:—

1. That the deed of January 30th 1841, being a deed of bargain and sale, and no consideration having been paid, neither Anthony M. Zane nor any person claiming under him having notice, acquired any title to the premises mentioned in the writ.

2. That the deed of January 30th 1841 is an invalid execution of the power contained in deed of trust John Zane and wife to William L. Hirst, dated February 28th 1832, and transferred no title to Anthony M. Zane nor to any person claiming under him.

3. That if any effect can be given to the deed of January 30th 1841, then it, and the mortgage from Anthony M. Zane to Isaac Zane, the assignment of said mortgage by Isaac Zane to James M. Kennedy and others, and the reconveyance of the premises by Anthony M. Zane to William L. Hirst, in trust, are to be construed as one paper, to wit, a mortgage of the premises by the trustee, William L. Hirst, to James M. Kennedy and others.

4. That the mortgagor not having been made a party to the proceedings in the Supreme Court, nor warned by the sci. fa., the judgment thereon and the sale thereunder confer no title on James M. Kennedy.

5. That the deed of January 30th 1841, the mortgage from Anthony M. Zane to Isaac Zane, and the transfer of said mort-

[Zane *v.* Kennedy.]

gage to James M. Kennedy and others, are fraudulent and void, conferred no title on those claiming thereunder, and were not capable of confirmation.

6. That the deed dated May 7th 1844, from Maria Antoinette Zane and Thomas D. Smith to James M. Kennedy, is an invalid execution of the power contained in the deed of trust, and being without consideration is void.

7. That if Anthony M. Zane was not indebted to Isaac Zane at the date of the mortgage, February 1st 1841, or no money or other value was given for said mortgage, and James M. Kennedy and those claiming under him had notice thereof, then no title passed to said James M. Kennedy or others claiming under him by virtue of the proceedings under the mortgage.

The court refused the points and instructed the jury to find for the defendants, and the jury so found.

Judgment was entered on the verdict May 1st 1867. The plaintiffs took out a writ of error May 1st 1867.

They assigned for error :—

1, 2, 3. The admission of defendants' offers of evidence.

4. Rejecting plaintiffs' offer of evidence.

5. Declining the plaintiffs' points.

6. The instructions to find for the defendants.

*G. W. Biddle* and *W. L. Hirst,* for plaintiffs in error.—A confirmation must be with a full knowledge of all the circumstances and deliberate examination by the parties interested : Campbell *v.* McLain, 1 P. F. Smith 203 ; Anderson's Appeal, 12 Casey 496 ; Owings *v.* Hull, 9 Peters 629.

The rule that a power to sell involves a power to mortgage does not apply to such a mortgage as in this case, where it was intended as collateral security, which was not for the purposes declared in the trust-deed : Pullen *v.* Rianhard, 1 Wharton 522. A married woman has no power under a deed except that clearly given to her by it : Thomas *v.* Fowell, 2 Wharton 16 ; Hoover *v.* Samaritan Soc., 4 Id. 452 ; Wallace *v.* Costen, 9 Watts 138 ; Dodson *v.* Ball, 10 P. F. Smith 496 ; Wright *v.* Brown, 8 Wright 224 ; Fisher *v.* Taylor, 2 Rawle 33 ; Holdship *v.* Patterson, 7 Watts 547 ; Ashhurst *v.* Given, 5 W. & S. 323 ; Brown *v.* Williamson, 12 Casey 338 ; Barnet's Appeal, 10 Wright 392 ; Rife *v.* Geyer, 9 P. F. Smith 393 ; Mansell *v.* Mansell, 2 P. Wms. 681 ; Cochran *v.* O'Hern, 4 W. & S. 100 ; Lancaster *v.* Dolan, 1 Rawle 247 ; Pennsylvania Company *v.* Austin, 6 Wright 263.

Equity will always defeat those who deal with trust property, or acquire it, with knowledge that it is diverted from the legitimate purposes of the trust : Story, §§ 1257, 1258 ; Pray's Appeal, 10 Casey 113.

*C. Gibbons* and *P. McCall*, for defendants in error.—The deed itself imports consideration. If a consideration of money be expressed in a deed of bargain and sale, no averment lies to the contrary: Wilt *v.* Franklin, 1 Binney 502; Allison *v.* Kurtz, 2 Watts 185; McMullin *v.* Glass, 3 Casey 151. Mrs. Zane had an absolute dominion over the property by virtue of her right to control the purchase-money, and therefore her deed of confirmation was valid: Coryell *v.* Dunton, 7 Barr 530.

The intention of the trust-deed was to withdraw the estate from the dominion of the husband, and at the same time, to remove by the instrumentality of a trust the disability annexed to coverture by the common law, and to give Mrs. Z. the power of a feme sole. The grantors had a right to do this: Thomas *v.* Folwell, 2 Wh. 16; Towers *v.* Hagner, 3 Id. 48; Hoover *v.* Samaritan Soc. 4 Id. 445.

A power to sell includes a power to mortgage, a mortgage being a conditional sale: Lancaster *v.* Dolan, 1 Rawle 248; Gordon *v.* Preston, 1 Watts 385; Cochrane *v.* O'Hern, 4 W. & S. 100; Pennsylvania Life Insurance Co. *v.* Austin, 6 Wright 263; Ball *v.* Harris, 4 Mylne & Cr. 267; Hill on Trustees 475.

The opinion of the court was delivered, March 6th 1873, by

SHARSWOOD, J.—The only question which appears to have been raised on the trial of this case in the court below was, whether the power of sale which by the deed of trust of February 28th 1832, John Zane and wife to William L. Hirst, was vested in the trustee, was duly exercised by the conveyance of January 30th 1841, by William L. Hirst and Maria Antoinette Zane to Anthony M. Zane. It may be conceded, that if the evidence offered—the rejection of which forms the fourth error assigned—had been admitted, it would have proved that the deed was without consideration as between the parties, and was executed solely in order that the grantee, Anthony M. Zane, might mortgage the property to Isaac M. Zane, as was done accordingly, February 1st 1841; which mortgage was to be, and was assigned to Kennedy and others, as collateral security for certain notes of Isaac M. Zane, given to the assignee for goods purchased by him, the object of the whole transaction being to set Isaac M. Zane up in business. Isaac M. Zane was a son of Maria Antoinette Zane, who was the *cestui que trust* in the deed of trust of February 28th 1832, and who was a party to the deed to Anthony M. Zane. The power contained in the deed of 1832, is in these words: " And upon the further special trust and confidence that the said William L. Hirst, his heirs, executors, successors and assigns, shall be, and he and they are hereby, and by force and virtue of these presents, authorized and fully empowered to sell and convey, by all lawful assurances and conveyances, all or such parts of the said hereby

granted estate, as the said Maria Antoinette shall, by writing under her hand, from time to time request and require, and for and as respects the purchase-money thereof, upon the special trust and confidence, that he the said William L. Hirst, his heirs, executors, successors and assigns, shall and will pay the same to the said Maria Antoinette, and her receipt for the same shall be his full voucher and protection for so doing, notwithstanding her present or any future coverture." The question then is, whether the trustee, at the request, and with the consent in writing, of the *cestui que trust*, had power to mortgage the premises. It is perfectly clear that if he had, Mrs. Zane was entire mistress of the money raised by the mortgage, and could give it to her son, Isaac M. Zane, if she so pleased. In a case in which a married woman had power to mortgage for her separate use and disposal, it was held by this court that she could execute the power for the benefit, of her husband: Hoover *v.* The Samaritan Beneficial Society, 3 Wharton 445. The whole case, then, is resolved into the question whether in this state an absolute and unrestricted power to sell includes a power to mortgage. We cannot regard this as an open question. It was expressly decided in Lancaster *v.* Dolan, 1 Rawle 231, that a power to sell does include a power to mortgage, which is a conditional sale. It was not a mere *obiter dictum*, but the very point upon which the judgment hinged as to the remainder of the estate, over which there was a general power of appointment. It has since been recognised as the settled law in several cases: Presbyterian Corporation, *v.* Wallace, 3 Rawle 109; Gordon *v.* Preston, 1 Watts 386; Duval's Appeal, 2 Wright 118; Pennsylvania Life Insurance Company *v.* Austin, 6 Id. 263. It is of no consequence whether the case of Mills *v.* Banks, 3 P. Williams 9, cited in support of the ruling in Lancaster *v.* Dolan, has or has not been subsequently disapproved of in England. We are bound to adhere to a determination of this court settling a rule of property, which has been so often recognised and affirmed. There would be no security for titles, nor could counsel advise with confidence if we were ready to listen to suggestions for the reconsideration of points solemnly determined by our predecessors whenever the courts of some other state or country have adopted a different rule.

There are two other objections to the judgment which were not made below, nor are they contained in the printed paper-book of the plaintiff in error; but we will, nevertheless, briefly dispose of them. The first is, that as there was evidence that the promissory notes of Isaac M. Zane, to secure which the mortgage was intended, had been extended without the consent of Mrs. Zane, who was known to all parties to be the real mortgagor, and should, therefore, to the extent of the mortgaged premises, be viewed as a surety, the mortgage was discharged by such extension. There

[Zane *v*. Kennedy.]

was no evidence to submit to the jury, upon which such a defence could be based. A witness for the plaintiff, indeed, testified that in a general conversation with Mr. Julian, one of the assignees of the mortgage, he said, " that they had done all they could for Isaac ; that they had extended the notes for which the assignment of the mortgage was made as collateral, several times ;" but on cross-examination he added : " Nothing was said about any consideration having been given by Isaac for the extension of the notes ; does not know that there was any consideration, or that the old notes were given up." A mere agreement to extend the time without consideration, and without a surrender of the old notes, and the taking of new ones, would not be binding on the creditor, and would not prevent the surety from paying the debt and immediately seeking reimbursement from his principal, which is the reason of the rule that when time is given by a binding agreement, the surety is discharged : The United States *v*. Simpson, 3 P. R. 437 ; Clippinger *v*. Creps, 2 Watts 45 ; Rhoads *v*. Frederick, 8 Watts 448 ; Miller *v*. Stem, 2 Barr 286 ; 2 Jones 383 ; Brubaker *v*. Okeson, 12 Casey 519. There is nothing, therefore, in this objection.

The other ground upon which a reversal of the judgment is asked, is, that the execution of the power was subject to the prior charge of the debts of John Zane, specially secured by the deed of trust. But there are several conclusive answers to this. These debts were charged upon and made payable only out of John Zane's interest in the property, which was for his life, probably his estate by the curtesy, and that interest had expired at the time of the trial. Moreover, more than twenty years had elapsed since the execution of the deed of trust, and the presumption was that the debts were paid. Besides all this, the claims of these creditors could only be set up by themselves, or the trustees suing for their use. The plaintiff below was not the holder of the legal title, nor a trustee for them, but a *cestui que trust*, under the deed of trust, prosecuting this ejectment to recover the equitable estate, if it had not been legally divested by the mortgage, and the proceedings upon it, by which, however, both the legal and equitable title were vested in James M. Kennedy, the purchaser at sheriff's sale, a title which the plaintiff had herself solemnly confirmed, by joining the new trustee, Thomas D. Smith, in the deed dated May 7th 1844.　　　　　　　　　　　　　　　Judgment affirmed.