## Burleigh v. White.

*Fraudulent debtors' attachment—Dissolving attachment on application of claimant—Sci. fa. on bond given by third person—Act of March 17, 1869.*

1. A person who claims property attached under the Fraudulent Debtors' Act of March 17, 1869, P. L. 8, has no standing to move to dissolve the attachment; his remedy is by a claim of property and a sheriff's interpleader to determine title.

2. Where a bond is given by a third person for the payment of the debt and costs on condition that the execution creditor shall obtain judgment against the obligors, the judgment obtained by such execution creditor against the defendant in the execution is not a performance of the condition, and the fact that no judgment has been obtained against the obligors is a good defence to a *sci. fa.* on the bond.

3. The plaintiff issued an attachment under the Fraudulent Debtors' Act of March 17, 1869, P. L. 8, against A and the sheriff attached property in the possession of B as the property of A and summoned B as garnishee. C filed a petition alleging ownership of the property and praying for a dissolution of the attachment on his giving security. This petition was granted. He and his surety entered a bond in double the amount of the debt on condition that the plaintiff should obtain judgment against the obligors and the attachment was dissolved. Judgment was then obtained by plaintiff against defendant for want of an affidavit of defence and a *sci. fa.* issued against C and his surety on the bond. C then filed a petition for an issue to determine the ownership of the goods and to stay proceedings on the *sci. fa.: Held*, (1) that while the practice was irregular, C's petition should be granted and an issue framed; (2) that the bond entered by C should be considered as security to plaintiff for the value of the property if it should be determined in the issue to be framed that the property did not belong to C; and (3) that C and his surety, obligors in the bond, should have leave to file an affidavit of defence to the *sci. fa.*

Petition for issue to determine title to property levied upon by writ of attachment. C. P. No. 1, Phila. Co., June T., 1926, No. 208.

*Levi & Mandel*, for plaintiff; *F. R. Loney*, for defendant.

TAULANE, J., July 26, 1926.—On May 1, 1926, the plaintiff issued an attachment under the Fraudulent Debtors' Act of March 17, 1869, P. L. 8, against Robert White, and the sheriff attached thereunder certain waste, as the property of White, in the possession of Dixon Waste Company, who was summoned as garnishee.

On May 4, 1926, Alexander G. Wilson, without notice to the plaintiff, presented a petition, alleging that he was the owner of the waste; that the defendant had no interest in it, and prayed for the dissolution of the attachment and leave to intervene as a party defendant upon the entry of security.

On the same day, the court granted the prayer of the petition, dissolved the attachment upon the entry of security in the sum of $9317.94, and granted leave to Wilson to intervene as a party defendant.

The petition appears to have been rather hastily prepared, and really fails to show, as the plaintiff points out, that the waste belonged to Wilson. If Wilson was the owner of the waste at the time it was attached, his remedy was by a claim of property and a sheriff's interpleader to determine title: Troubat and Haly's Practice (Brightly's Edition), 201, and Act of May 26, 1897, P. L. 95.

The Act of 1869 limits the right to dissolve to the defendant alone. Section 3 provides: "It shall be the duty of the officer serving such attachment to take the property attached into his possession, when the same is capable of manual seizure, and when not, the same shall be bound by such attachment in the hands or possession of such party from whom it is due or owing, or whose duty it is to account for the same, unless the party defendant, or some one for him, her or them, shall enter into a bond, with sufficient surety, to be

approved by the court from which said attachment shall issue, or the pro-
thonotary thereof, in double the amount of the debt or demand claimed, con-
ditioned that in the event of the plaintiff or plaintiffs recovering judgment in
said attachment, that he, she or they will pay the debt and costs at the
expiration of the stay of execution on sums of like amount given to free-
holders, or that he, she or they will surrender up the said property in as
good condition as when attached to any officer having an execution against
said party defendant on any judgment rendered in said attachment in favor
of the plaintiff."

Wilson, as claimant, therefore, had no right to have the attachment dis-
solved, and the courts have uniformly so ruled: Rosenbloom v. Boggs, 2 Blair
Co. Law Repr. 200; Morris v. Dougherty, 10 Luzerne Legal Reg. Rep. 298;
Williamson v. Bokropis, 7 Pa. C. C. Reps. 270; Yost v. Ginley, 2 Schuyl. Legal
Rec. 347, and White v. Mullen, 1 Legal Opinion, 201.

There is no suggestion or contention that the defendant was in any way
concerned in the dissolution of the attachment.

With the provisions of the Act of 1869 so clear and explicit as to the remedy
of a claimant, it is difficult to understand how counsel either overlooked or
misunderstood the act. The mistake has been made and the attachment was
improvidently dissolved.

Later, the plaintiff filed a statement of claim against the defendant, and in
due course entered a judgment against him for want of an affidavit of defence
for some $5000, and then issued a *scire facias* on the bond entered by Wilson,
the claimant, when the attachment was dissolved.

Instead of filing an affidavit of defence to the *scire facias*, Wilson has pre-
sented a petition for an issue to determine the ownership of the waste and a
stay of proceedings on the *scire facias*.

The matter now before the court is Wilson's petition for an issue.

The situation is somewhat anomalous, and about what one should expect
where the plain directions of an act of assembly have been either ignored or
misapprehended.

What are the rights of the parties and how can they be worked out?

If the waste really belonged to Wilson, it would be neither fair nor just to
permit the plaintiff to recover some $5000 against him through a mistake or
oversight of counsel; and if the waste belonged to the defendant, Wilson
should not be liable for more than its value.

What are the plaintiff's rights under the bond?

The bond is as follows:

"Know all men by these presents, that on the fourth day of May, A. D.
1926, Alexander G. Wilson and Willis B. Heidinger are held and firmly bound
unto William V. Burleigh in the sum of nine thousand three hundred seven-
teen and 94/100 Dollars, lawful money of the United States of America, to be
paid to the said William V. Burleigh, to which payment well and truly to
be made, we do bind ourselves, our heirs, executors, administrators, assigns
and our successors jointly, severally and firmly by these presents.

"The condition of this obligation is such that if the said William V. Bur-
leigh fails to maintain the herein entitled suit and judgment is entered
against them, then this obligation to be void, otherwise to be and remain in
full force and virtue."

The defendant is not a party to the bond.

Wilson did not obligate himself to pay the bond if the plaintiff obtained
judgment against the defendant; the condition of the bond is that the plain-
tiff shall obtain judgment against Wilson. There is no suggestion that any

such judgment has been entered. The plaintiff's præcipe for the *scire facias* shows no breach of the condition of the bond, and Wilson and his surety should file an affidavit of defence to the *scire facias* setting up this defence.

If the plaintiff moves to strike off the decree dissolving the attachment, then Wilson and his surety would be discharged from their bond. It may be, under such circumstances, Wilson would be liable in tort, but his liability would be limited to the defendant's interest in the waste; and if the defendant had no interest, the plaintiff was not harmed by the dissolution of the attachment. There is no disposition on the part of Wilson or his surety to escape liability if the defendant owned the waste, and they frankly state they understood at the time they executed the bond it was to protect the plaintiff should he establish that the waste belonged to the defendant.

We think the interpretation of the bond as urged by Wilson's counsel is reasonable and sensible. By granting Wilson's petition for an issue, the ownership of the waste can be determined. If the plaintiff succeeds in that issue, there will be a breach of Wilson's bond, and Wilson and his surety will be liable to the plaintiff for the value of the waste. The only practical difference that occurs to us between a sheriff's interpleader and an issue framed under Wilson's petition is that the plaintiff will be obliged to prove the value of the waste which, in a sheriff's interpleader, is fixed in advance by the sheriff's appraisement. Experience shows that an execution creditor in interpleader is always at an advantage if he is not limited as to value by the sheriff's appraisement.

Such an appraisement is invariably too low rather than too high. We can conceive of no real disadvantage to the plaintiff by any step mistakenly taken by counsel for Wilson.

The plaintiff contends that Wilson's petition for an issue and his depositions do not show he was the owner of the waste. We have carefully read the petition and the depositions.

It is not quite clear that Wilson was the owner of the waste at the time of the attachment. Wilson's sale to the Dixon Waste Company prior to the attachment would ordinarily vest title in the Dixon Waste Company. We are without definite information as to the terms of sale or what right the Dixon Waste Company had to rescind the sale, because the waste was attached as the property of the defendant. The Dixon Waste Company had not paid for the waste at the time of the attachment.

Whatever the conventional rule may be as to the passing of title between seller and buyer, we have no doubt that a seller may relieve his purchaser from his contract where the goods, before payment, have been attached as the property of a third person. Such a cancellation could not prejudice the plaintiff, so long as the defendant had no interest. The depositions show that the Dixon Waste Company rescinded the sale and refused to pay. In fact, what else could Wilson do but accept a rescission? Naturally, the Dixon Waste Company, who had not paid for the waste, refused to be involved in litigation and obliged to enter security for goods without knowing whether they really belonged to Wilson or the defendant. There was no other person but Wilson sufficiently interested to protect the waste against the defendant's creditors. If Wilson accepted a rescission of the contract, he became the owner and had an owner's right to protect his goods against the creditors of the defendant.

The title to the goods should not be tried on petition for an interpleader: Book v. Sharpe, 189 Pa. 44, and McKinley v. Mutual Life Ins. Co., 278 Pa. 300.

The facts and circumstances of this case are such that we feel Wilson should have an opportunity to present his case.

The only evidence of the value of the waste is the price at which it was sold by the Dixon Waste Company to Churchville, and that was $1900.

It is true there is no statutory authority for the bond entered by Wilson, yet we may regard it as a voluntary bond, and Wilson and his surety are liable on it, according to its terms: City of Philadelphia v. Shallcross, 14 Phila. 135; Clement v. Courtright, 9 Pa. Superior Ct. 45; Claasen v. Shaw, 5 Watts, 468, and Koons v. Seward, 8 Watts, 388.

And now, to wit, July 26, 1926, the petition of Alexander G. Wilson for an issue to determine the title to the waste levied upon by the writ of attachment in the above case is granted, and it is ordered that an issue be framed, wherein the said Alexander G. Wilson shall be plaintiff and William J. Burleigh, the plaintiff, shall be defendant.

And it is further ordered and decreed that the bond heretofore entered by Wilson shall be taken and considered as security to the plaintiff for the value of the waste, if it be determined in the issue to be framed that the said waste was not the property of Wilson; and Wilson and his surety shall, within ten days, by writing filed of record agree and consent to this decree.

It is further ordered that Alexander G. Wilson and Willis B. Heidinger be granted leave to file an affidavit of defence to the *scire facias* issued on their bond in the above case within fifteen days.